[No. 4695.]

THE FARMERS' UNION DITCH COMPANY ET AL. v. THE RIO GRANDE CANAL COMPANY ET AL.

**Appellate. Practice—Motion to Dismiss.**

Where a correct determination of a motion to dismiss an appeal would require practically as extensive an examination of the record as would be made on final hearing, and incidentally the substantial rights of the parties or some of them would be settled by such determination, the better practice is to postpone action upon ·the motion to dismiss until final hearing on the merits.

*Appeal from the District Court of Costilla County.*

Mr. IRA J. BLOOMFIELD,· for appellants.

Messrs. GOUDY & TWITCHELL, for appellees.

*Per Curiam.*—Motion to dismiss an appeal from a decree rendered in the special statutory proceedings for the adjudication of the priorities of rights to the use of water for purposes of irrigation. Section 2427, Mills' Ann. Stats., gives to any party or parties representing any ditch, or any number of parties representing two or more ditches, which are affected in common with each other by any portion of the decree complained of, the right of a joint appeal. Numerous grounds for dismissing the appeal are specified, but the two which are emphasized in argument are: (1) that appellants are not affected in common with each other by any portion of the decree; (2), that the legal name of one of the appellees is "The Rio Grande Land and Canal Company," whereas in the statement of appeal, in the order allowing the appeal,

and in the appeal bond, the name is given as "The Rio Grande Canal Company," and that this failure to give the true name is fatal to the appeal, so far as this appellee is concerned.

No general rule as to motions of this character can be laid down to govern every case that arises, but in a proper case the court will entertain, in advance of a final hearing, a motion to dismiss an appeal or writ of error. But where, as in the case at bar, to a correct determination of such motion there is required practically as extensive an examination of the record as would be made upon a final hearing, and incidentally the substantial rights of the parties, or some of them, may be thereby settled, the better practice is to postpone decision upon the application to dismiss until final hearing on the merits. —*Monash v. Rhodes,* 26 Colo. 321.

The motion is denied without prejudice to the right of the appellees to renew the same upon final hearing upon the briefs now submitted, or with such amplification in their printed briefs upon the main case, as they may elect.

*Motion denied without prejudice.*